## Stirk Estate

E. F. *Cantlin* and *Charles S. Crawford*, for accountant.

E. E. *Lippincott*, for objectant.

VAN RODEN, P.J., September 6, 1960. — Decedent died May 23, 1930. By this proceeding the trustee submits an accounting of the trust fund in its custody which arises under the will as follows:

"Fourth: I give and bequeath unto my said wife, Kathryn D. Stirk, and Girard Trust Company, a corporation of the City of Philadelphia, State of Pennsylvania, and unto their successors and assigns, the sum of Twenty Thousand Dollars ($20,000), in cash or securities of my estate, IN TRUST NEVERTHELESS to hold the same and to invest, reinvest and keep the same invested as is hereinafter provided for my residuary estate, and to demand, collect and receive the interest, dividends and income therefrom and, after the deduction of all necessary charges and expenses, to pay over the income therefrom, periodically, but not less frequently than quarterly, unto William A. Weigand, now residing at 123 Green Street, Lancaster, Pennsylvania, for and during the term of the natural life of said William A. Weigand, and upon the death of said William A. Weigand to pay over and distribute such net income unto the surviving wife of said William A. Weigand, and upon the death of the survivor of said William A. Weigand and his wife to pay over and distribute the corpus or principal of the trust hereby created, together with all accumulations thereon and additions thereto, equally, per stirpes, unto the issue of said William A. Weigand, free and clear of any and all trusts under this my Will." . . .

Objection has been filed on behalf of Zetta Weigand Hauser to the statement of proposed distribution insofar as the accountant (trustee) has failed to request that an equal distributive share of the balance be awarded to the said Zetta Hauser as daughter and issue of William A. Weigand, deceased, life tenant.

A summary of the pertinent evidence produced at the hearing at the time of audit is as follows:

The said Zetta Weigand Hauser was born January 16, 1890, to Edith Weaver Weigand. At the time of her birth, her mother was cohabiting and living with the said William A. Weigand, although these parties

had not entered into a formal or ceremonial marriage. However, the said William A. Weigand and Edith Weaver Weigand did consummate their marital relationship by a formal ceremonial marriage on September 3, 1893, and said relationship continued uninterrupted until the death of the wife and subsequent thereto the husband remained unmarried until the date of his death.

Zetta lived with William A. Weigand and Edith Weaver Weigand continuously from the date of her birth until she married Matthias Hauser on July 3, 1918.

After the birth of Zetta, the following children were born to these parents, to wit: Helen Weigand Brodhecker in 1894; Benjamin M. Weigand in 1899; William A. Weigand, Jr., in 1905; Charles E. Weigand in 1907; Richard W. Weigand in 1915; Harold H. Weigand, who died March 23, 1953, intestate and without issue, whose widow died February 25, 1956.

During the childhood years of all of these children of William A. Weigand, Zetta being the oldest child (she was four years old when the next child of the parties, Helen Weigand, was born) helped the parents with the care and upbringing of the other children. She was at all times within the family and household as well as friends and neighbors known as "Zetta Weigand." She was recognized by the parents and by the other children in this family as a daughter of these same parents.

The credible evidence is to the effect that in later years when the parents required personal attention and financial assistance, Zetta was the only one of the children who helped the mother and the only one who made any financial contribution for her maintenance.

Following the death of the mother, the father required financial aid, and an agreement in writing dated April 11, 1955, was offered in evidence, under

the terms of which the five younger children agreed to contribute equally to the support of their father, and Zetta was released by the other children from any obligation to support the father. Zetta disclaimed relationship and released any interest in the principal of this trust. It appears from the evidence that the contributions of the five children for their father were very meager and Zetta believed she was being released from the responsibility of contributing to her father's support because the other children had never made any contribution to or for the mother.

Consideration of the facts as disclosed by the evidence submitted requires the court to hold that the marriage of William A. Weigand to Edith Weaver Wiegand on September 3, 1893, legitimatized the child of the parties, and the presumption that she is the legitimate child of the parties is confirmed and strengthened by the fact that she was always treated as their daughter and was considered by all of the other children to be their full sister and the legitimate child of the same parents.

Zetta Weigand Hauser is not competent to decide that she was not the lawful child of William A. Weigand and Edith Weaver Weigand, particularly in view of the presumption of her legitimacy. Comment should be made that the written agreement for the support of the father was prepared by an attorney representing all or some of the other children, and Zetta Hauser was not represented by counsel. She relied entirely upon the representations made by their attorney. She testified at the hearing in court that she believed she was being relieved of contributing to the financial support of her father in exchange for the complete support she had previously contributed to the mother of the children.

The court must hold that under the circumstances there was no lawful consideration moving toward

Zetta Hauser for the purported release and disclaimer to share in the principal of the trust.

Therefore, the objection to the statement of proposed distribution is hereby sustained, and the court holds that the balance of principal and income should be awarded in six equal parts, i.e., to the six children of William A. Weigand, and this will be reflected in the award hereinafter set forth. . . .